UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PHILLIP HOWARD LIGHTFOOT,**

    **Plaintiff,**

                                  Civil No: 2:10-CV-10818
                                  HONORABLE PAUL D. BORMAN
v.                              UNITED STATES DISTRICT COURT

**SHERRY BURT, et. al.,**

    **Defendant,**
_____/

## OPINION AND ORDER DENYING
## THE MOTION FOR RECONSIDERATION

On March 8, 2010, this Court denied plaintiff's application to proceed without prepayment of fees and dismissed his civil rights complaint brought suant to 42 U.S.C. § 1983 without prejudice. Petitioner has now filed a motion for reconsideration. For the reasons stated below, the motion is **DENIED.**

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. In order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

1

Plaintiff's motion for reconsideration will be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied plaintiff's application to proceed without prepayment of fees and dismissed his civil rights complaint. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

**ORDER**

**IT IS ORDERED** that Plaintiff's motion for reconsideration [Court Docket Entry # 4] is **DENIED.**

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 5, 2010.

S/Denise Goodine
Case Manager